```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

-------------------------------- x
NIRJALA RAJKARNIKAR,             :
                                 :
          Plaintiff,             :
                                 :
                                 :
v.                               :  Civil No. 3:22-cv-1082 (AWT)
                                 :
ERNST & YOUNG, CHARLES III, and  :
CARMINE DI SIBIO,                :
                                 :
          Defendants.            :
                                 :
-------------------------------- x
```

**<u>RULING ON MOTION TO DISMISS</u>**

The <u>pro se</u> plaintiff, Nirjala Rajkarnikar, brings suit against "Ernst & Young and Partners," its chair and co-chair, Carmine Di Sibio, and "His Royal Highness Prince Charles." The Complaint appears to claim that "Ernst and Young and Partners engaged in tortious interference with [the plaintiff's] employment relationships" and "engaged in illegal [and/or] independently tortious violations of an established standard[] of trade . . . ." Compl. (ECF No. 1) at 2. Ernst & Young Global Ltd. moves to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion to dismiss is being granted.

**I.   FACTUAL ALLEGATIONS**

Under "Nature of the Case," the plaintiff alleges the following:

> Ernst and Young and Partners engaged in tortious interference with my employment relationships including wrongdoings, discrimination, fraud, misrepresentation, appropriation, conversion of property, conversion of culture among other violations. Defendants and partners engaged in illegal [and/or] independently tortious violations of an established standard of trade, fraud, deceit, unethical [p]roducts, dealings, overreaching, actions that fall far outside the accepted practices of the rough and tumble world of free market competition.

Compl. (ECF No. 1) at 2.

In Claim I, the plaintiff alleges that "The festivals with icons in Nepal for Newah (Newor) people are more than just another mark on calendar, and more than just another festival that comes every year, it [   ] of Newar people." Id. at 3. The plaintiff did not allege any supporting facts with respect to Claim I, other than the second and third sentences in the attachment to the Complaint (ECF No. 32), which states:

> Ernst & Young & [Partners] involved in tortious interference with my employment relationships including wrongdoings, and methods that included fraud, misrepresentation of what defendants had stolen and used it against my new nation, such as Drag Queen and ancient history of my country. Defendants engaged in illegal [and/or] independently tortious, violations of an established standard of a trade, fraud, deceit, unethical conduct, sharp dealing, overreaching, actions that fall far outside the accepted practice of the "rough and tumble" world of free market competition.

See Attach. Compl. at 1.

In Claim II, the plaintiff alleges that "During the Financial Collapse of 2008, Ernst & Young [and] partners were negligent and the outcome of its negative consequences [ ] I am living in my daily life." Compl. at 3. In support of this claim, the plaintiff states: "Gentrification. Being pushed out of my own town due to monopoly and mismanagement of urban development." Id.

The plaintiff does not include a request for relief in the Complaint. See id. at 4.

**II.   LEGAL STANDARD**

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D.Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).  A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  Aurecchione v. Schoolman Transp. Sys., Inc., 426

F.3d 635, 638 (2d Cir. 2005).

When deciding a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the court is "not to draw inferences from the complaint favorable to the plaintiffs." J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). Rather, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).

When interpreting the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. DISCUSSION

Defendant Ernst & Young Global Ltd. moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to

-4-

state a claim upon which relief can be granted. "Where . . . the defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and do not need to be determined." Cellco Partnership v. City of Rochester, 473 F.Supp. 3d 268, 276 (2020)(alteration in original)(quoting Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)) (internal quotation marks omitted).

"To satisfy the constitutional requirement of standing, plaintiffs in federal court bear the burden of establishing that (1) they have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Soule by Stanescu v. Connecticut Association of Schools, Inc., 57 F.4th 43, 50 (2d Cir. 2022).

Assuming arguendo that the pro se plaintiff has stated an actual injury that is concrete and particularized, she has failed to allege facts that demonstrate a causal connection between any injury to her and conduct on the part of defendant

-5-

Ernst & Young Global Ltd. The plaintiff asserts that this defendant was involved in tortious interference with her employment relationships, but she does not identify any specific tortious conduct, nor any specific employment relationship. The plaintiff asserts that this defendant was negligent but does not identify what alleged acts on the part of this defendant were negligent. She asserts that she is a victim of gentrification and had to leave her own town because of monopoly and mismanagement of urban development, but she does not identify any link between this defendant and such gentrification, monopoly, or mismanagement.

Thus, even construing the Complaint to raise the strongest arguments it suggests, the plaintiff has failed to allege facts that affirmatively and plausibly suggest that she has standing to sue. Therefore, the Complaint is being dismissed because the plaintiff lacks standing and the court does not reach Ernst & Young Global Ltd.'s other arguments.

**IV. CONCLUSION**

For the reasons set forth above, the Defendant's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss (ECF No. 29) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 7th day of August 2023, at Hartford, Connecticut.

                                        /s/AWT  
                                Alvin W. Thompson  
                        United States District Judge